UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHIRLEY A. WINN,

                              Plaintiff,

        v.                                                          **DECISION AND ORDER**
                                                                    08-CV-698S
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.


        1.       Plaintiff Shirley A. Winn challenges an Administrative Law Judge's ("ALJ")

determination that she is not disabled within the meaning of the Social Security Act ("the

Act").  Plaintiff alleges that she has been disabled since December 15, 2002, due to a back

injury, rib injury, problems with her ankles, and a learning impairment.  (R. at 70-71.)

Plaintiff contends that because her impairments render her unable to work, she is entitled

to disability benefits under the Act.

        2.       Plaintiff filed an application for Supplemental Security Income ("SSI") and

disability insurance benefits ("DIB") on January 13, 2005.  (R. at 22-24.)  Her application

was denied initially, after which she requested a hearing before an ALJ.  That hearing took

place on February 29, 2008.  The ALJ considered Plaintiff's case *de novo*, and on March

31, 2008, issued a written decision denying Plaintiff's application for benefits.  (R. at 10-

21.)  On July 23, 2008, the Appeals Council denied Plaintiff's request for review.  (R. at 4-

6.)  Plaintiff filed the current civil action challenging Defendant's final decision on

September 22, 2008.[1]

─────────────────────

        [1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals
Council denied Plaintiff's request for review.

3.     The parties subsequently filed Motions for Judgment on the Pleadings.[2]  After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on August 5, 2009.   For the following reasons, Plaintiff's Cross-Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

---

[2] Defendant filed his Motion on April 22, 2009 (Docket No. 10), and Plaintiff filed her Cross-Motion on May 28, 2009 (Docket No. 12).

may differ from the [Commissioner's]." <u>Rosado v. Sullivan</u>, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." <u>Valente v. Sec'y of Health & Human Servs.</u>, 733 F.2d 1037, 1041 (2d Cir. 1984).

6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. <u>See</u> 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in <u>Bowen v. Yuckert</u>, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

<u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

<u>see</u> <u>also</u> <u>Rosa v. Callahan</u>, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.     Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. <u>See</u> <u>Bowen</u>, 482 U.S.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts: First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has never engaged in substantial gainful activity (R. at 15); (2) Plaintiff's cognitive problems and back pain are "severe" impairments within the meaning of the Act (R. at 15-16); (3) Plaintiff's impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 16-17[3]); (4) Plaintiff retains the residual functional capacity ("RFC") to perform a significant range of light work with certain restrictions (R. at 17-20[4]); and (5) based on her age, education, work experience, and residual functional capacity, Plaintiff is capable of performing a significant range of light work. (R. at 20-21). Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from December 15, 2002 through the date of the ALJ's decision. (R. at 21.)

10.     Plaintiff advances two challenges to the ALJ's decision. First, Plaintiff contends that the ALJ erred at the third-step of the analysis by failing to find that her

---

[3] In relevant part, the ALJ held that Plaintiff's "mental impairment does not meet or medically equal the criteria of Listing 12.02 or 12.05." (R. at 16.)

[4] Specifically, the ALJ held that Plaintiff cannot perform jobs that contain highly detailed, complex job instructions. (R. at 17.)

(Plaintiff's) condition met or equaled an impairment listed in 20 C.F.R. Part 404, Subpt. P. Specifically, Plaintiff contends that she is "mentally retarded" and, therefore, impaired within the meaning of 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05(). (Docket No. 12, pt. 2, pp. 16-22.)

11.     Section 12 of the Regulations lists various impairments that support a finding of disability. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. In particular, section 12.05 lists "mental retardation" as a recognized disability under the Act. To be found mentally retarded under Section 12.05 of the Listing of Impairments, the plaintiff must make two showings. Antonetti v. Barnhart, 399 F. Supp. 2d 199, 200 (W.D.N.Y. 2005). In particular, the "plaintiff must prove: (1) that she satisfies the definition provided for in the introductory paragraph of Section 12.05; and (2) that she satisfies the criteria listed in subsection A, B, C, or D." Id.

12.     The introductory paragraph of Section 12.05 provides that, "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. To satisfy the criteria in subsection C, the plaintiff must demonstrate "[a] valid verbal performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. An individual who is found to meet these requirements is presumed disabled at step three without further inquiry. 20 C.F.R. § 404.1520(a)(4)(iii).

13.     In this case, the Court finds that the ALJ committed reversible error at step

three of the five-step analysis. As an initial matter, the ALJ failed to address whether Plaintiff satisfied the diagnostic description in the introductory paragraph of section 12.05. (R. at 16-17); see also Antonetti, 399 F. Supp. 2d at 200. Instead, the ALJ began by stating that she "considered whether the 'paragraph C' criteria are satisfied." (R. at 17.)

Moreover, upon evaluation of the paragraph C criteria, the ALJ considered only two of Plaintiff's IQ scores. (R. at 19.) In particular, the ALJ mentioned one test on February 19, 2001, where Plaintiff scored a 79, and another on July 20, 2005, where Plaintiff scored a 71. (R. at 19.[5]) However, the ALJ failed to consider or discuss five additional IQ tests contained in the record. (R. at 110, 115, 98, 284); see also (Docket No. 12, pt. 2, p. 18.) On two of those tests, Plaintiff scored below 70. (R. at 115, 284.) In fact, on the most recent IQ test, Plaintiff received a full scale score of 65. (R. at 284.)

Although some of the additional IQ tests were administered after Plaintiff reached 22 years of age, consideration of these tests is permissible. See McMillan v. Astrue, No. 07-CV-959, 2009 WL 4807311, at *7 (N.D.N.Y. Dec. 7, 2009). This Court notes that, of the two tests considered by the ALJ, one was administered after Plaintiff was 22 years old.

14. Thus, the ALJ's failure to consider these additional tests constitutes reversible error. See Antonetti v. Barnhart, 399 F. Supp. 2d 199, 201 (W.D.N.Y. 2005) (holding that the ALJ committed reversible error by failing to discuss how much weight to accord to plaintiff's different IQ tests). Because the Court has concluded that the ALJ failed to properly assess Section 12.05, it need not reach Plaintiff's second argument – that the ALJ erred in relying on the Medical-Vocational Guidelines. See 20 C.F.R. §

---

[5] This Court notes that, for each test, Plaintiff received three separate categories of scores – verbal, performance, and full scale scores. However, "where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(D)(6)(c).

4040.1520(a)(4) (describing the sequential evaluation process).

15.     Accordingly, for the reasons stated above, this matter is remanded to the ALJ for further consideration of Plaintiff's cognitive abilities under Section 12.05.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that Plaintiff's Cross-Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated:   January 12, 2010
             Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
